**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No.  1812003407 |
| | ) | |
| STEVEN J. WATERMAN | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted:  December 2, 2024
Date Decided:  January 22, 2025

## ORDER

Upon consideration of Defendant Steven Waterman's Motion for Modification of Partial Confinement or Probation ("Instant Motion"),[1] Superior Court Criminal Rule 35(b),[2] statutory and decisional law, and the record, **IT APPEARS THAT:**

(1)  On August 5, 2019, Waterman pled guilty to three counts of Burglary Second Degree and one count of Theft over $1,500.[3]  On January 21, 2020, Waterman was sentenced as follows: for Burglary Second Degree (IN18-12-1162), 8 years Level V, suspended after 1 year for 18 months Level III TASC; for Burglary Second Degree (IN19-01-1196), 8 years Level V, suspended after 1 year for 18

---

[1] D.I. 49. Waterman styles his Motion as a Motion for Modification/Reduction of Sentence, however, because he requests modification of his partial confinement, the Court views it as a Motion for Modification of Partial Confinement or Probation.
[2] Del. Super. Ct. Rule 35(b).
[3] D.I. 27.

months Level III TASC; for Burglary Second Degree (N19-07-0184), 8 years Level V, suspended after 1 year for 18 months Level III TASC;[4] and for Theft $1,500 or Greater (N19-05-1216), 2 years Level V, suspended for 1 year Level III TASC.[5] Waterman's probations run concurrently.[6]

(2)　On October 19, 2023, a Violation of Probation ("VOP") hearing was held, and Waterman was found in violation of his probation.[7]

(3)　On February 29, 2024, Waterman was sentenced as follows: for Burglary Second Degree VOP (VN18-12-1162-01), 7 years Level V, suspended for 7 years Level V Drug Treatment, suspended after successful completion of Level V Drug Treatment for 6 months Level IV DOC Discretion, followed by 12 months at Level III; for Burglary Second Degree VOP (VN19-07-0184-01), 7 years at Level V, suspended for 1 year Level III; for Burglary Second Degree VOP (VN18-05-0247-02), 2 years Level V, suspended for 1 year concurrent Level III; and for Theft $1,500 or greater VOP (VN19-05-1216-01), Waterman was discharged as unimproved.[8]

---

[4] Waterman was also ordered to pay $1,000 of restitution to Mandel D. Huffman.
[5] This is a modified Sentencing Order. D.I. 33. Waterman was originally sentenced on November 14, 2019. *See* D.I. 30.
[6] *Id.*
[7] The Violation of Probation Report can be found at D.I. 43.
[8] This is the second corrected Violation of Probation Sentencing Order. D.I. 48. Waterman was originally sentenced for his VOPs on October 19, 2023. *See* D.I. 44. The original VOP sentencing order was first corrected on November 29, 2023. *See* D.I. 45.

(4)     On February 12, 2024, Waterman filed his first motion for modification of partial confinement or probation asking the Court to modify his six-month sentence at Level IV Plummer Center to either three or six months at Level IV Home Confinement.[9]  On March 20, 2024, the Court denied Waterman's Motion, finding his "sentence is appropriate for all the reasons stated at the VOP hearing."[10]

(5)     On December 2, 2024, Waterman filed the Instant Motion, asking the Court to modify his six-month sentence at Level IV DOC Discretion to 18 months Level III TASC and "completion of drug treatment program at either Brandywine Counseling or Lotus Recovery Center."[11]

(6)     Rule 35(b) governs motions for modification of partial confinement or probation.[12]  Pursuant to Rule 35(b), the Court may consider reducing the term or conditions of partial confinement or probation at any time; however, the Court "will not consider repetitive requests for reduction of sentence."[13]  A motion is repetitive when it is proceeded by an earlier Rule 35(b) motion, even if the subsequent motion raises new arguments.[14]

---

[9] D.I. 46.

[10] D.I. 47. Waterman previously violated his Level III probation when "he failed to report to probation, tested positive for illegal substances, and left the state without permission." Therefore, the Court found Supervision Level IV to be appropriate. *See* D.I. 47 ¶ 7.

[11] D.I. 49.

[12] Del. Super. Ct. Crim. R. 35(b).

[13] *Id.*; *see also State v. McCray*, 2024 WL 885436, at ¶ 4 (Del. Super. Mar. 1, 2024).

[14] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016); *see also Valentine v. State*, 2014 WL 7894374, at *2 (Del. Dec. 31, 2014) (describing a second Rule 35(b) motion, which raised a new argument, as "untimely and repetitive").

(7)     Because Waterman seeks to modify his Level IV sentence, his request is not time-barred.  However, the bar to consider repetitive requests for modification of a sentence is absolute.[15]  "This procedural bar applies even when the subsequent motion requests a reduction or modification of a term of partial confinement or probation."[16]

(8)     Because this is Waterman's second Rule 35(b) motion requesting to modify his Level IV terms, the Instant Motion is barred as repetitive.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Waterman's Instant Motion is **DENIED**.


**IT IS SO ORDERED.**


/s/ Jan R. Jurden
Jan R. Jurden, President Judge


cc:     Original to Prothonotary
        Matthew F. Hicks, DAG
        Steven Waterman (SBI # 00595395)

---

[15] *McCray*, 2024 WL 885436 at ¶ 5 (citing *State v. Burton*, 2020 WL 3057888, at *2 (Del. Super. June 5, 2020) ("The bar to considering repetitive motions has no exceptions.")).
[16] *Id.*

4